## Presnell's Guardian v. Scantland.

May 2, 1944.

Lee Stagner for appellant.

Harlin & Harlin and Hines & Hines for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

In 1938 F. K. Taylor and wife conveyed to Doris Presnell (now Scantland) a life estate in a four-acre tract of land in Warren County. At her death, or if she made effort to convey, the title was to vest in her bodily heirs or her next of kin under the descent and distribution laws. She sought by declaratory judgment proceedings to have the property sold for the purpose of reinvestment. She, individually, and as temporary guardian of appellant, her three year old infant daughter, the husband joining as plaintiff (by amended pleading) filed her petition making the infant a defendant, she being the only person in being in whom the property would have vested if the contingency had happened before the commencement of the action. Guardian ad litem was duly appointed and answered.

It was alleged that the property was not susceptible of division without impairment; that the small tract had a house of only three rooms, and not in good condition; that it only produced a monthly rental income of

about $4.50. It was shown that the proceeds could be invested in property which would yield double the income from the small tract; that she and her husband had entered into a written agreement with the owner of adjacent property for the sale of the small tract at an agreeable, adequate and advantageous price. On these allegations, found by the Chancellor to have been sufficiently proven, she asked that the proposed sale be approved and the proceeds be reinvested in other property, the title to be taken subject to the terms, conditions and limitations contained in her deed from the Taylors.

Following proof in the case touching upon every point raised in the pleadings the Chancellor adjudged that the sale of the small tract and the reinvestment of the proceeds in other property would be to the advantage of and beneficial to the owner of the life estate, contingent owners or contingent remaindermen. It was adjudged that the proceeds of sale remain in the hands of the court for reinvestment under proper orders and with the approval of the court. He held that appellee by seeking the sale did not forfeit her rights to interest in the property, but that same would prevail to the extent of such interest upon reinvestment; further that should she supplement the proceeds with funds of her own, her interest should be preserved to the extent of such individual investment. In all events as to the interest of remaindermen the title to any property purchased, to the extent of the proceeds of sale invested should be taken under the same conditions, terms and with limitations embraced in the Taylor deed, and should constitute a first charge or lien against the property purchased. The court found the small tract not to be reasonably divisible and directed the manner of execution of conveyance under the contract of sale and purchase of the four-acre tract.

Upon consideration of the record before us we find that this proceeding was begun and presented in conformity to section 639a—1 et seq. and secs. 489, 490, Civil Code of Practice, as amended by Chapter 137, Acts of 1942, found in the 1942 Civil Code Supplement under the same numbered sections, which amendment somewhat liberalized the procedure of sales of property jointly owned, where one of the owners is under disability.

Judgment affirmed.